```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROSA HOLLANDER, individually and on behalf  :
of others similarly situated,               :
                                            :
                        Plaintiff,          :
                                            :            SUMMARY ORDER
         -against-                          :            18-CV-02808 (DLI)(VMS)
                                            :
ALLIANT CAPITAL MANAGEMENT, LLC &           :
OLIPHANT FINANCIAL GROUP, LLC,              :
                                            :
                        Defendants.         :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff Rosa Hollander ("Plaintiff") filed a putative class action complaint against defendants Alliant Capital Management, LLC ("Alliant") and Oliphant Financial Group, LLC ("Oliphant") (collectively, "Defendants"), alleging violations of §§ 1692e and 1692f of the Fair Debt Collection Practices Act ("FDCPA"). *See generally*, Complaint ("Compl.") ¶¶ 37, 41, Dkt. Entry No. 1. On July 6, 2018, Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See generally*, Mot. to Dismiss, Dkt. Entry No. 11; Def.'s Mem. of Law ("Def.'s Mem."), Dkt. Entry No. 11-3. Plaintiff opposed Defendants' motion. *See generally*, Pl.'s Mem. of Law in Opp'n ("Pl.'s Opp'n"), Dkt. Entry No. 14. Defendants replied. Defs.' Reply Mem. of Law ("Def.'s Reply."), Dkt. Entry No. 17.

For the reasons set forth below, Defendants' motion to dismiss with prejudice is granted to the extent that the Complaint is dismissed without prejudice.

## BACKGROUND

This case arises out of a collection letter ("Letter"), sent by Alliant, a debt collector, on or about June 26, 2017, to Plaintiff, a consumer debtor, notifying her of the amount due on a debt she

owed to Oliphant.  Letter ("Ltr."), Dkt. Entry. No. 1; Compl. ¶ 29; Defs.' Mem. at 3.  The Letter stated, in relevant part:

> Our client, Oliphant Financial Group, LLC, has purchased your account from Celtic Bank. There is an outstanding balance due of $629.17.  Our client's records indicate that payment has not been received or processed as of the date of this correspondence, as has therefore been placed for collection.
>
> Contact us directly at 877-957-8334 to obtain additional information.  You may clear up your account from our collection process by paying the balance owed.  Your account will be properly credited and you will receive no further communication from us regarding this account if paid in full.

Ltr. at 1.

Plaintiff contends that Alliant's Letter violated §§ 1692e and 1692f of the FDCPA, which prohibits the use of any false, deceptive, or misleading representations in connection with the collection of a debt.  *See generally*, Compl. at ¶¶ 38-41; 15 U.S.C. § 1692e.  Plaintiff maintains that the Letter falsely represented the legal status of the debt because it failed to disclose that a statute of limitations time barred the debt from legally being enforced.  Compl. ¶ 31.  In addition, Plaintiff contends that, if she had paid a portion of the balance, the statute of limitations would have restarted, and the debt once again would become legally enforceable.  *Id.* ¶ 34.  Plaintiff thus maintains Defendants violated: (i) § 1692e(10) "by omitting material information creating a false and misleading representation of the status of the debt;" (ii) § 1692e(2)(A) "by falsely representing the character, amount or legal status of the debt;" and (iii) § 1692f "by omitting material information that gave Plaintiff a false understanding of the rights provided [to her] under the FDCPA."  *Id.* ¶¶ 36-39, 40-44.  Plaintiff does not allege the date she incurred the debt.

In turn, Defendants contend that Plaintiff's claims should be dismissed because:  (i) Plaintiff failed to plead sufficient facts to establish that an action to collect the debt would have

been time barred as of June 26, 2017, and (ii) even if the debt was time barred, failure to disclose that the debt was time barred does not constitute an FDCPA violation. Defs.' Mem. at 1-2.

## DISCUSSION

**I.     Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citations and internal quotation marks omitted). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). *Iqbal* requires more than "'a formulaic recitation of the elements of a cause of action.'" *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555). Where a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). On a motion to dismiss, the Court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citations and internal quotation marks omitted).

**II.    Analysis**

In determining whether a debt collector has violated the FDCPA, courts use an objective test based on the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). This standard "ensure[s] that the statute protects the gullible as well as the shrewd," but "carefully preserve[s] the concept of reasonableness," and "protects debt collectors from unreasonable constructions of their communications." *Id.* (citing *Clomon*, 988 F.2d at 1318-20). The Second

Circuit recognizes that § 1692e includes a materiality requirement. *See, Cohen v. Rosicki, Rosicki & Associates., P.C.*, 897 F.3d 75, 86 (2d Cir. 2018). "A statement is material if it is capable of influencing the decision of the least sophisticated consumer." *Id.* (internal citations omitted).

Plaintiff contends that the Letter failed to disclose: (i) that the debt in question was time barred by a statute of limitations, and (ii) that any payment made by Plaintiff would restart the statute of limitations, once again making the debt legally enforceable. Compl. ¶ 34. However, Plaintiff does not allege a specific date or timeframe for when she incurred the debt.

Defendants contend that Plaintiff does not plead sufficient factual allegations to show that the debt actually was time barred. Defs.' Mem. at 1. Defendants argue that Plaintiff only states that the debt was incurred "some time prior" to the date the Letter was sent, and that this is an insufficient "basis to determine the applicable limitations period or when it expired." *Id.* at 2.

The Second Circuit has yet to address whether omitting the time barred status of a debt in a collection letter, in and of itself, constitutes an FDCPA violation.[1] However, Plaintiff's complaint lacks sufficient factual allegations to survive a 12(b)(6) motion to dismiss because it does not state the date the debt in question was incurred. Additionally, the complaint does not specify what statute of limitations applies, nor does it specify when the statute of limitations expired. Without this requisite information, Plaintiff's claim that the debt in question is time barred is an unadorned legal conclusion. *See, Cicel (Beijing) Science & Tech. Co., v. Misonix, Inc.*, 2017 WL 4535933 at *7 (E.D.N.Y. Oct. 7, 2017) (dismissing in part because the "complaint fail[ed] to allege several required elements [of the claim] . . . [such as] any relevant . . . dates.");

---

[1] Circuit courts that have addressed a debt collector's duty under the FDCPA to disclose the time barred status of a debt have done so only in the context of collection letters that contain settlement offers or threaten litigation. *See, Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 429 (3rd Cir. 2018); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016); *Buchanan v. Northland Grp. Inc.*, 776 F.3d 393, 399 (6th Cir. 2015); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1022 (7th Cir. 2014); *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 771 (8th Cir. 2001).

*Palmer Kane, LLC, v. Scholastic Corp.,* 2014 WL 1303135 at *4 (S.D.N.Y. Mar. 31, 2014) (dismissing the complaint "for failing to specify the dates or period of time during which defendant allegedly infringed") (citing *Mahnke v. Munchkin Products, Inc.,* 2001 WL 637378 at *5 (S.D.N.Y. June 7, 2001)); See *also, Johns v. Northland Grp., Inc.*, 76 F. Supp.3d 590, 595 (E.D. Pa. 2014) (holding that because "[t]he starting and ending date of the statute of limitations are not alleged . . . Plaintiff's [FDCPA] claim that the debt is time barred is a mere legal conclusion that the Court will disregard."); *Sanon-Lauredant v. LTD Fin. Servs., L.P.,* 2016 WL 3457010, at *3 (D. N.J. June 22, 2016) ("The complaint repeatedly alleges that the debt in this case was time barred . . . without actually identifying the statute of limitations that applies. These statements are mere legal conclusions that are not entitled to deference at the pleading stage.") (citations omitted).

Accordingly, Plaintiff's complaint fails to plead sufficient factual material to state a claim for which relief can be granted.

## **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss the complaint is granted to the extent that dismissal is without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2019

_____/s/_____
DORA L. IRIZARRY
Chief Judge